IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAHLIL GREEN | ) | CASE NO.  1:10CV2796 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER . |
| v. | ) | |
| | ) | |
| BOB REID, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Kahlil Green filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Bob Reid, Sheriff of Cuyahoga County, Ohio and the Cuyahoga County Jail. He alleges that he was sentenced to a term of imprisonment of 30 days for failing to pay child support. Plaintiff contends that he was wrongly confined in the jail with murderers, robbers and rapists instead of the workhouse or a municipal jail where he belonged.  Damages in the amount of $250,000.00 are requested.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167  * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

There are no allegations against Sheriff Reid. The Sixth Circuit held in *Hays v. Jefferson*

*County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior*. *Browning v. Pennerton*, 633 F. Supp.2nd 415, 431 (E.D. Ky., 2009).  Therefore, Sheriff Reid must be dismissed as a party Defendant.

A  sheriff or other county official acts on behalf of the entity he represents. *Newman v. Evans.* 2009 WL 814616 * 5 (E.D.Mich., Mar. 27, 2009). Thus, when sued in his official capacity under section 1983, the suit is actually against the county. *Monell v. Department of Social Services of City of Mew York.,* 436 U.S. 658, 690 n. 55 (1978).  "Official-capacity suits ... 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham,* 473 U.S. 159, 166  (1985) (quoting *Monell,* 436 U.S. at  691 n. 55 (1978)). *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009). In such case, a plaintiff must show that the alleged violation of his or her constitutional rights resulted from acts representing official policy or custom adopted by the city. *Monell,* 436 U.S. at 690-91; *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245-46 (6th Cir. 1989); *Moore v. Chattanooga Police Dept.*, 2008 WL 3896114 * 5 (E.D. Tenn., Aug. 19, 2008). Plaintiff has not alleged a violation of any custom or policy.

Plaintiff has sued the Cuyahoga County Jail. In order to state a claim under § 1983, he must show that the alleged violations were committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007). A jail is a building wherein prisoners are held and is not a suable

2

entity. *Johnson v. Blackwelder*, 2009 WL 1392596 * 4 (E.D.Tenn., May 15, 2009); *Coffey v. Miami County Jail*, 2007 WL 316262 * 2 (S.D. Ohio, Jan 29, 2007).

Moreover, a prisoner does not have a constitutional right to placement in any particular prison or in any particular section within the prison system. *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir.1995). The protections of the Due Process Clause are not invoked by a change in the conditions of confinement that have an adverse impact on the prisoner. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 460 (1989) *partially overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montayne v. Haymes,* 427 U.S. 236, 242 (1976); *Holloway v. Marberry,*  2007 WL 1880386 * 2 (E.D. Mich., Jun. 27, 2007).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**



Date:   *1/26/11*                                  */s/Dan Aaron Polster*_____
                                                          JUDGE DAN AARON POLSTER
                                                          UNITED STATES DISTRICT JUDGE

3